UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, | No. 2:16-cv-2936 KJN P |
| Petitioner, | |
| v. | ORDER |
| YOLO COUNTY SUPERIOR COURT, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a). Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

Petitioner challenges his 2010 conviction in the Yolo County Superior Court. The court's own records reveal that petitioner is already proceeding with a petition for writ of habeas corpus challenging that conviction and sentence. See Turner v. Richardson, 2:13-cv-0454 WBS AC.[1] Petitioner is represented by counsel in that case, and was granted leave to file an amended petition

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

thirty days after the California Supreme Court ruled on his petition for review in <u>People v. Turner</u>, Cal. Supreme Court Case No. S232272.

A suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." <u>Barapind v. Reno</u>, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (quoting <u>Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.</u>, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)). "When a complaint involving the same parties and issues has already been filed in another federal district court, the court has discretion to abate or dismiss the second action. Id. at 1144 (citation omitted). "Federal comity and judicial economy give rise to rules which allow a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." <u>Id.</u> at 1145 (citation omitted). "[I]ncreasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the right of the parties." <u>Crawford v. Bell</u>, 599 F.2d 890, 893 (9th Cir. 1979).

Due to the duplicative nature of the present action, this action should be dismissed and petitioner should proceed on the action he initially commenced. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted; and

2. This action is dismissed without prejudice.

Dated: January 20, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/turn2936.123